IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 2:22-cv-656-ECM ) (WO) |
| DOLLAR GENERAL CORPORATION, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On September 30, 2022, Plaintiff Linda Williams ("Williams") filed this class action complaint in Barbour County, Alabama against Defendant Dollar General Corporation ("Dollar General"). Williams seeks damages for injuries she and other similarly situated individuals sustained as purchasers of allegedly contaminated consumable goods sold by Dollar General.

On November 7, 2022, Dollar General removed the case to this Court pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act ("CAFA"). Dollar General argues that, based on the allegations in Williams' complaint, CAFA's jurisdictional requirements are satisfied. Williams contends that Dollar General has not met its burden to prove CAFA's jurisdictional requirements.

1

Now pending before the Court is Williams' Motion to Remand. (Doc. 11). Upon consideration of the motion, and for the reasons that follow, the Court concludes that Williams' motion is due to be denied.

## II. BACKGROUND

Dollar General is a corporation that operates more than 18,000 discount variety stores across the United States. Of those 18,000 stores, 869 are located in Alabama. Dollar General stores sell a variety of household essentials and consumable goods, such as groceries, baby products, pet products, cosmetics, over-the-counter medications, medical devices, and health supplements. To assist with regional operations, Dollar General operates "fresh" distribution centers throughout the country that store and ship perishable goods for that center's region. One such distribution center is located in Bessemer, Alabama (the "Bessemer Distribution Center"). The Bessemer Distribution Center services Dollar General stores in Alabama and throughout the Southeast.

Williams alleges that the Bessemer Distribution Center suffered from a significant rodent infestation that potentially contaminated the consumable goods stored within the facility. Williams claims that Dollar General became aware of this infestation as early as 2021 but should have become aware of the infestation "far earlier." (Doc. 1-1 at 8). Despite this actual or constructive awareness, Dollar General did not disclose the infestation to the public. Instead, Dollar General continued to operate the Bessemer Distribution Center and profit from the sale of potentially contaminated consumable goods supplied by that center. Williams claims that the contaminated consumable products sold by Dollar General during

this period of infestation were worthless.  In July or August of 2022, Dollar General shut down the Bessemer Distribution Center.

Williams filed a complaint in Barbour County, Alabama, seeking to certify a class of all Alabama residents that purchased consumable products from a Dollar General store located in Alabama and supplied by the Bessemer Distribution Center in the twelve months preceding the filing of the complaint.  The complaint sets forth five counts against Dollar General: violation of the Alabama Deceptive Trade Practices Act, negligence, breach of implied warranty, unjust enrichment, and fraudulent concealment and failure to disclose.  Williams also requests declaratory and injunctive relief.

Dollar General removed the case to this Court, asserting that the case meets all requirements for this Court's subject matter jurisdiction under CAFA.  Williams subsequently filed a motion to remand to state court, disputing that Dollar General met its burden to prove CAFA's jurisdictional requirements.

### III.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  CAFA expanded district court subject matter jurisdiction to class actions with minimal diversity when "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).  Federal courts typically construe removal statutes strictly and resolve all doubts in favor of remand. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).  However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Accordingly, there is no longer any presumption in favor of remand in deciding CAFA jurisdiction questions. *See Dudley*, 778 F.3d at 912. Rather, when the defendant removes and the plaintiff contests the amount in controversy, the court must determine, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 574 U.S. at 82. The burden of proving jurisdiction, however, remains with the removing defendant. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007)).

## IV. DISCUSSION

Williams argues that Dollar General has not established that the amount in controversy in this case exceeds CAFA's $5,000,000 threshold. In response, Dollar General provides a declaration from Daren W. Helton ("Helton"), the Director of Merchandising Analytics and Business Intelligence for Dollar General. Using Dollar General's sales data for the time period between October 1, 2021 and October 28, 2022,[1] Helton estimates that "the total retail sales for consumable products in Dollar General stores in Alabama serviced by the Bessemer Distribution Center" significantly exceeded $5,000,000.[2] (Doc. 29-1 at 24).

Williams does not dispute that these sales figures cover the relevant time period. Rather, Williams argues that these sales figures cannot wholly be attributed to the proposed

---

[1] Dollar General uses the sales data from October 1, 2021 to October 28, 2022 as the relevant data for the class period. Williams does not contest that this data covers the appropriate time period. Accordingly, for the purposes of this motion to remand, the Court will assume that this data covers the appropriate time period.
[2] Dollar General provided actual figures to the Court under seal, asserting that the sales data was confidential. The Court has reviewed these figures and finds that they are well in excess of $5,000,000.

class. Because the sales figures do not distinguish between Alabama-resident customers and non-Alabama-resident customers, Williams argues, the sales figures overestimate the consumable sales that were made to the proposed class. After the non-Alabama-resident customers are excluded, Williams argues, the amount in controversy could fall below $5,000,000.

Williams' argument defies common sense and other data Dollar General provides. Dollar General also provides a declaration from Houston Rudy ("Rudy"), the Director of Real Estate and Development Operations for Dollar General. Using Dollar General's business records spanning the relevant class period, Rudy estimates that "91.5% of sales from Dollar General stores in Alabama were to customers who lived in Alabama." (Doc. 26-4 at 3). Accordingly, approximately 91.5% of Dollar General's consumable sales from Alabama stores were made to Alabama residents. Adjusting Dollar General's consumable sales figures accordingly, the consumable sales during the relevant class period made to Alabama residents still vastly exceeds CAFA's $5,000,000 requirement. This conclusion comports with common sense and conclusions reached by other courts presented with similar circumstances. *See Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("It is theoretically possible that large 'big box' stores also act as wholesalers or serve an out of state population. But this is so contrary to common understanding of how a large retail store does business that [the plaintiff] was under some obligation to do more than hypothesize unlikely possibilities.").

Additionally, Williams seeks punitive damages. Including punitive damages erases any scintilla of uncertainty whether the amount in controversy is satisfied. The Eleventh

5

Circuit considers potential punitive damages when calculating the amount in controversy for jurisdiction under CAFA. *McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729, 731 (11th Cir. 2014) ("[The defendant] need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue . . . ."). "The Alabama Supreme Court has frequently recognized that a three-to-one ratio of punitive damages to compensatory damages is reasonable and legally permissible in most instances."[3] *Phillips v. Garrison Prop. & Cas.*, 2020 WL 3118415, at *8 (N.D. Ala. May 12, 2020). Alabama allows recovery of punitive damages in fraud claims. *See* Ala. Code. § 6-11-20(a). Williams raises a fraud claim, so she may recover punitive damages if she succeeds in her claim. Thus, even if Dollar General's sales figures are overestimates, the figures could overestimate by 300% without raising jurisdictional concerns under CAFA. The potential for punitive damages erases any doubt that the amount in controversy is satisfied.

Williams next argues that Dollar General's sales figures are overinclusive because they include the retail sales for *all* consumable products supplied to Alabama stores by the Bessemer Distribution Center during the class period. Williams argues that her complaint does not place all such consumable products at issue. Rather, she argues that she only places in controversy the consumable products that were actually contaminated. Thus, Williams argues, the Court can only include consumable products that were actually

---

[3] Because this matter is before the Court on diversity jurisdiction, the state law causes of action are examined under Alabama law. *See Ballard v. Gen. Motors, LLC*, 572 F. Supp. 3d 1154, 1157 (M.D. Ala. 2021) (applying Alabama law to state law cause of action while sitting in diversity).

contaminated when assessing the amount in controversy. Because the Court does not currently know which products were actually contaminated, Williams argues that the amount in controversy cannot be accurately calculated until discovery is conducted.

Williams' argument runs contrary to the law. Under her reasoning, this case could never be removed to federal court because actual damages cannot accurately be established before discovery. The flaw in Williams' argument is that the amount in controversy focuses on "what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)). Here, Williams has placed all consumable products supplied to Alabama Dollar General stores by the Bessemer Distribution Center during the class period in controversy because discovery could theoretically reveal that all such consumable products were contaminated. If all consumable products were contaminated, Dollar General's figures would reflect actual damages. Dollar General has established beyond a preponderance of the evidence that the amount in controversy is satisfied.

Williams also appears to argue, albeit unclearly, that Dollar General has not established the appropriate class size to satisfy CAFA's jurisdictional requirements. This argument is equally unavailing. For federal jurisdiction under CAFA, the putative class size must contain more than 100 members. *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 923 (11th Cir. 2019). Williams' complaint alleges that "[t]he Class is comprised of thousands of individuals who were Defendant's customers." (Doc. 1-1 at 17). This statement sufficiently establishes the requisite class size; Williams cannot contest an

allegation in her pleadings because it no longer serves her best interest.[4] CAFA's class size requirement is satisfied. Because Dollar General has established that all of CAFA's jurisdictional requirements have been satisfied, Williams' motion to remand is due to be denied.

## V. CONCLUSION

For the reasons stated above, it is

ORDERED that the Plaintiff's Motion to Remand (doc. 11) is DENIED.

Done this 29th day of March, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Further, the Court should not "suspend reality or shelve common sense" when assessing jurisdictional questions on a motion to remand. *See Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1224 (M.D. Ala. 2021). Here, common sense dictates that at least 100 Alabama residents purchased a consumable product from an Alabama Dollar General store supplied by the Bessemer Distribution Center during the class period.